1  FRED W. ALVAREZ, State Bar No. 68115
TROY A. VALDEZ, State Bar No. 191478
2  WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
3  650 Page Mill Road
Palo Alto, CA 94304-1050
4  Telephone:     (650) 493-9300
Facsimile:     (650) 565-5100
5
Attorneys for Defendant
6  Clifford Chance US LLP

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  ASMA GULL HASAN, an individual,              )   CASE NO. C 05 1850 CW
                                                 )
12              Plaintiff,                        )   **STIPULATED PROTECTIVE**
                                                 )   **ORDER**
13        v.                                      )
                                                 )
14  CLIFFORD CHANCE US LLP, a corporation,       )
                                                 )
15              Defendant.                        )
                                                 )

16

17        The Defendant Clifford Chance US LLP and Plaintiff Asma Gull Hasan, through

18  their undersigned attorneys of record, enter into this stipulation and protective order to facilitate

19  open exchange of information relating to this litigation.  The parties assert that the disclosure of

20  certain records and information are confidential and protected by the privacy rights of the parties

21  and/or third parties (hereafter referred to as "Confidential Information").  The parties assert that

22  they and third parties have privacy interests and confidentiality interests in these records and the

23  information contained therein.  Therefore, the parties stipulate as follows:

24        1.        Any party who conveys or receives, and any non-party who conveys,

25  information in connection with this action may designate any record, which the party reasonably

26  and in good faith believes to be confidential, as Confidential Information by marking any such

27  documents with the words, "Confidential" or "Confidential: Subject to Protective Order."

28  Confidential Information includes responses to discovery requests, documents produced in

STIPULATED PROTECTIVE ORDER

1  response to a request for production, deposition testimony (subject to Paragraph 2), or any other

2  information a party or non-party exchanges in discovery in connection with this action that the

3  party or non-party claims in good faith to constitute Confidential Information.

4        2.      In order to designate deposition testimony as confidential, counsel, the

5  witness, or the party whose Confidential Information is to be or was disclosed, must state on the

6  record at the deposition what is to be treated as Confidential Information.  Additionally, a party, or

7  non-party deponent, may designate testimony as Confidential Information in writing within 20

8  days from the date the court reporter transmits the deposition transcript for review for certification.

9  After any such written designation, counsel for all the parties shall be responsible for marking the

10  designated material in all previously unmarked copies of transcripts.  Prior to the expiration of the

11  20-day period, all information disclosed during a deposition shall constitute Confidential

12  Information, unless otherwise agreed by the parties and the witness, or ordered by the Court.

13        3.      The parties shall preserve the confidentiality and privacy of all Confidential

14  Information.

15        4.      The Confidential Information shall be made available only to the Court, the

16  parties, counsel of record, experts engaged by the parties or counsel of record, copy services,

17  certified court reporters, videographers, consultants, and the authors of the Confidential

18  Information.  A party disclosing Confidential Information to any such person or entity shall bear

19  the responsibility of informing them of the provisions of this Order.  A non-party witness may be

20  examined and may testify regarding Confidential Information, if the non-party witness

21  acknowledges receipt of this Protective Order.  This order shall be shown to and explained to any

22  person who receives Confidential Information.  This Order binds any person who receives or

23  reviews Confidential Information.

24        5.      Persons receiving Confidential Information shall use it solely for the

25  purpose of this litigation. Confidential Information may be disclosed to persons only to the extent

26  necessary for the preparation or trial of this case.  Confidential Information shall not be disclosed

27  directly or indirectly to any other person other than as provided in this Order, except by written

28  agreement of the party or non-party designating the information Confidential Information.

STIPULATED PROTECTIVE ORDER        -2-        C:\Documents and Settings\Workstation\Local Settings\Temp\notesF8C1A4\~1487397.DOC

1  Unauthorized disclosure of the substance, a summary, or any portion of a confidential document

2  constitutes a violation of this Order.

3       6.      In the event that any Confidential Information is disclosed to any person set

4  forth in paragraph 4, supra (or to any person beyond the scope of that permitted by this Order, to

5  the extent permitted by agreement or subsequent order), each person receiving such disclosure

6  shall be shown a copy of this Order and shall sign a statement acknowledging receipt of this Order

7  prior to receiving the disclosure.  Each person receiving such disclosure shall be bound by this

8  Order.  Counsel making such disclosure shall be responsible for maintaining a log of the originals

9  of such statements.  This Order is enforceable in contempt proceedings.

10       7.      If a pleading, a memorandum of points and authorities or an affidavit or

11  declaration filed contains or discloses the content of records designated as Confidential

12  Information, the filing party must concurrently file redacted copies, lodge unredacted originals as

13  specified by the Federal Rules of Civil Procedure, including but not limited to Rules 26 and 29,

14  and the Local Rules of the Court for the Northern District of California ("Civil Local Rules"), and,

15  if the record was designated confidential by another party, give written notice to the party that

16  designated the records confidential that the records will be placed in the public file unless within

17  10 days of the notice such party files a motion for a sealing order in compliance with Civil Local

18  Rule 3-4, 7-11, 79-5 and any other applicable Rule, as well as the Federal Rules of Civil

19  Procedure.  If the party that designated the records confidential fails to file such a motion within

20  10 days (unless extended by the court for good cause), that party must be deemed to have

21  consented to the public filing of the record and the clerk must remove the originals from the

22  envelope labeled "CONDITIONALLY UNDER SEAL" and file the complete pleading,

23  memorandum of points and authorities, or affidavit or declaration in the public file.  If the party

24  that designated the records confidential does file such a motion within 10 days (or within any

25  extension ordered by the court), the originals must remain conditionally under seal until the court

26  rules on the motion, and thereafter must be filed in the manner directed by the court.

27       8.      Nothing in this Order shall be deemed to: (1) limit or waive any right of any

28  party to resist or compel discovery with respect to documents or other material which maybe

STIPULATED PROTECTIVE ORDER             -3-          C:\Documents and Settings\Workstation\Local Settings\Temp\notesF8C1A4\~1487397.DOC

1   claimed to be privileged or otherwise protected or protectable; (2) preclude any party at any time

2   from seeking and obtaining from the court, on an appropriate showing, additional protection,

3   including an order that material shall not be produced at all; or (3) constitute a ruling on the

4   admissibility of any documents or other material as evidence in this action.

5              9.       At the conclusion of this litigation, by whatever means, all Confidential

6   Information shall be returned to counsel for the party that produced such information, including all

7   copies of Confidential Information ever in their possession or caused to be created through their

8   possession that were produced in this action.

9              10.      If there is any unauthorized disclosure of any documents or records subject

10  to this Order by any person, said person shall be subject to sanctions and contempt for violation of

11  this Order.  Counsel for the parties agree to forward a copy of this protective order to their clients

12  prior to or concurrently with providing Confidential Information to their clients.  The parties are

13  bound by this protective order.

14             11.      Any party may, at any time after production of Confidential Information,

15  object to its designation by notifying all parties in writing of that objection and specifying the

16  designated material to which the objection is made.  Within fifteen (15) days of the date of the

17  written objection, the parties shall meet and confer verbally or in writing, or both, regarding the

18  objection.  If the objection is not resolved, the party designating the information Confidential

19  Information shall either file and serve a motion to designate records as Confidential Information

20  pursuant to this order, or otherwise request judicial intervention to resolve the parties' dispute.

21  Such a motion or other request for judicial intervention must be submitted and served on all

22  parties within thirty (30) days of the date of the written objection.  The party designating the

23  information or record as Confidential Information shall bear the burden of proof on whether good

24  cause exists for the information to be designated as confidential.  If no such motion is filed or

25  request for judicial intervention is not made, the material will not be considered Confidential

26  Information until further order of the Court or written agreement of the parties.

27             12.      Inadvertent failure to designate documents as Confidential Information shall

28  not constitute a waiver of an otherwise valid claim for protection, so long as such claim is asserted

STIPULATED PROTECTIVE ORDER                        -4-                C:\Documents and Settings\Workstation\Local
                                                                     Settings\Temp\notesF8C1A4\~1487397.DOC

1   within 14 calendar days of the discovery of the inadvertent failure.  A party shall not be in

2   violation of this Order for using or disclosing information that is subsequently designated as

3   confidential within the 14-day period, but shall, upon the designation of such information as

4   confidential, use its best efforts to enforce the provisions of this Order with respect to any such

5   belatedly designated Confidential Information.  If a party who has previously designated a

6   document in this action as confidential subsequently introduces that same document in a public

7   forum, in a manner that exposes that document to the public, any opposing party may argue that

8   the party has waived his, her, or its right to continue to claim that document as confidential in this

9   action.

10          13.     If a party to this action receives a court order or subpoena for documents

11   that have been designated Confidential Information, that party shall (a) promptly notify counsel of

12   record for the party or non-party claiming the confidential treatment of the documents, and (b)

13   furnish that counsel with a copy of the subpoena or other process or order.

14          14.     This Order is subject to modification by either party pursuant to

15   stipulation and order and/or appropriate motion procedures.

16   **IT IS SO STIPULATED**.

17   Dated:  March 2, 2006                              Dated: _March 2,
     _____               2006_____
18                                                                _
     G.W. MERRICK & ASSOCIATES, LLC.        WILSON SONSINI GOODRICH &
19                                                              ROSATI

20   _ [signature on
     original]_____
21                                                                   /s/_____
     GLENN W. MERRICK                                TROY A. VALDEZ
22
     Attorneys for Plaintiff                              Attorneys for Defendant
23   ASMA GULL HASAN                           CLIFFORD CHANCE US LLP

24
     **IT IS SO ORDERED**:
25
     Dated:  3/9/06
26

27   /s/ CLAUDIA WILKEN
     _____
28   THE HON. CLAUDIA WILKEN
     United States District Judge

STIPULATED PROTECTIVE ORDER              -5-              C:\Documents and Settings\Workstation\Local
                                                          Settings\Temp\notesF8C1A4\~1487397.DOC