UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTHMA GULL HASAN, et al., | No. C 05-1850 CW (JL) |
| Plaintiffs, | |
| v. | **ORDER DENYING EX PARTE APPLICATION (Docket # 50)** |
| CLIFFORD CHANCE, LLP, | |
| Defendant. _____/ | |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Claudia Wilken) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. The next case management conference is scheduled for September 8, 2006; pretrial conference will be January 12, 2007 and jury trial January 22.

**Relief Requested**

The parties filed the following motions, scheduled by this Court for hearing on July 19: Defendant's motion for protective order re deposition (#30) Defendant's motion to quash subpoena to EEOC (#25) and Plaintiff's motion to compel 30(b)(6) designation (#41). Plaintiff filed an ex parte application, styled as an application for change of hearing date, but in actuality for an order shortening time for hearing these motions. Plaintiff's application

1  neither cites a statute, rule or order that permits her ex parte application, nor states good
2  cause why time should be shortened, all required by Civil Local Rule 7-10.

3  Plaintiff claims only that if the time for hearing is not shortened, the parties will be
4  forced to cancel the mediation in this case, currently scheduled for July 19. Defendant
5  objects to shortening time, on the basis that it would be burdened and prejudiced by being
6  required to file its reply and opposition pleadings in the midst of filing its motion for
7  summary judgment in this case, due on June 30. In addition, it denies that there would be
8  any need to cancel the mediation to make room in the schedule for the hearing on the
9  parties' discovery motions, since there are at least five attorneys working on Plaintiff's case
10 and Plaintiff has previously scheduled multiple proceedings for the same date.

11 The Court is also not convinced by Plaintiff's contention that the discovery she seeks
12 is necessary for a meaningful mediation. Defendant states it has already provided the
13 declaration under oath of the New York partner whose deposition she seeks, on the lone
14 topics on which she proposed to question him. In addition, the 30(b)(6) deponent whom
15 Plaintiff objects to and for whom she demands that Defendant name a substitute, is the
16 sole survivor of Defendant's now-closed San Francisco office and Plaintiff has already
17 deposed her for eight hours, making it hard to fathom what more information she might be
18 able to obtain from this witness and what substitute Defendant might designate. Further,
19 Plaintiff seeks additional information from the EEOC, which has already informed her that
20 she has received her own investigative file, the only document it can or will provide.

21 Defendant alleges that Plaintiff waited until two weeks before the close of discovery
22 to begin taking depositions and asks the Court not to punish Defendant for Plaintiff's lack of
23 diligence. The parties had extended the cut-off for fact discovery from May 1 to May 31,
24 2006 to accommodate Plaintiff's availability for deposition. While the Court does not intend
25 to assign blame for delays in discovery, it also declines to subject Defendant to
26 unreasonable deadline pressure in the midst of its summary judgment filing.
27 / / /
28

1   For all the above reasons, Plaintiff's motion is denied.

2   IT IS SO ORDERED.

DATED: June 26, 2006

*James Larson*
_____
JAMES LARSON
Chief Magistrate Judge